UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISMAEL GODINEZ PEREZ,

    Petitioner,

  v.                            Case No.:  2:25-cv-00429-JES-NPM

KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, and GARRETT RIPA, FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondents.

## OPINION AND ORDER

Before the Court are Respondents Kristi Noem and Garrett Ripa's Motion to Dismiss (Doc. #11) and Petitioner Ismael Godinez Perez's Response (Doc. #15).

### I. Background

This is an action for habeas corpus relief under 28 U.S.C. § 2241. Godinez Perez is a native and citizen of Mexico. He entered the United States without inspection in 1999 and applied for asylum in 2006. The following year, an immigration judge entered an order of removal against Godinez Perez and denied his request for withholding of removal. Godinez Perez appealed, and the Board of Immigration Appeals vacated the removal order and remanded to the immigration court. An immigration judge renewed the order for removal but included a restriction that Godinez Perez could not be

removed to Mexico.  Neither side appealed the order, and it became final in 2010.  ICE made no attempt to remove Godinez Perez for the next 15 years.

ICE arrested Godinez Perez on April 25, 2025, after a traffic stop.[1]  Godinez Perez commenced this action on May 22, 2025, by filing a petition for habeas corpus relief.  At the time, he was detained in the Glades County Jail.  He is now at Krome North Service Processing Center.  On June 1, 2025, ICE notified Godinez Perez it intended to remove him to Guatemala.  But on June 5, the Guatemalan Consulate denied ICE's request.  ICE claims it is investigating Godinez Perez's removal to another country.

Godinez Perez claims his continued detention violates his Fourth and Fifth Amendment rights.  Respondents move to dismiss the § 2244 Petition based on a lack of jurisdiction.

## II.  Legal Standard

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). (internal citations omitted).  Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action if the court lacks subject matter jurisdiction.  A Rule 12(b)(1) challenge can be facial or

---

[1] Respondents suggest the arrest occurred on April 27, 2025, but they concede the factual point because they believe it is irrelevant.

factual. In a facial challenge, a court must consider the allegations of the plaintiff's complaint as true and merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. A factual attack challenges subject matter jurisdiction based on matters outside the pleadings. <u>Efron v. Candelario</u>, 110 F.4th 1229, 1234 n.5 (11th Cir. 2024).

### III. Discussion

Respondents raise two facial challenges to the Court's jurisdiction here. First, they argue certain statutory provisions strip the Court of subject-matter jurisdiction over Godinez Perez's Petition. And second, they contend the Petition is premature because the presumptively reasonable period of detention has not yet expired.

A. <u>The Court has subject-matter jurisdiction</u>

Respondents argue the Immigration and Nationality Act ("INA") divests the Court of jurisdiction over Godinez Perez's Petition. One provision of the INA bars courts from hearing certain claims. It states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to <u>commence proceedings, adjudicate cases, or execute removal orders</u> against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added).  This jurisdiction-stripping clause applies only to claims challenging the three actions emphasized above.  Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999) ("It is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings.").

Godinez Perez does not challenge the commencement of a proceeding, the adjudication of a case, or the execution of his removal order.  He concedes that ICE has the authority to deport him but challenges the legality of his detention under the circumstances presented here.

The INA also includes a "zipper clause," which states:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court should have jurisdiction, by habeas corpus under section 2241 or title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such question of law or fact.

8 U.S.C. § 1252(b)(9).  The zipper clause only applies to claims requesting review of an order of removal.  Madu v. U.S. Attorney Gen., 470 F.3d 1362, 1365 (11th Cir. 2006) (holding the INA did not divest the district court of jurisdiction over a § 2241

challenge to detention of the petitioner pending deportation). Godinez Perez does not ask the Court to review his order of removal—he explicitly concedes its lawfulness—so this case does not fall under the purview of the zipper clause.

    B. <u>The petition is ripe</u>

Respondents next argue the Petition is premature because their detention of Godinez Perez is within the presumptively reasonable time period. "Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove that person within 90 days." <u>Singh v. U.S. Attorney Gen.</u>, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government may detain the noncitizen during that 90-day removal period. <u>Id.</u> Detention may continue after the removal period, but not indefinitely.

In <u>Zadvydas v. Davis</u>, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). The Court found it unlikely Congress "believed that all reasonably foreseeable removals could be accomplished in [90 days]." <u>Id.</u> at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. <u>Id.</u> Courts

consider the constitutionality of continued detention under a burden-shifting framework:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

Id.

Respondents argue Godinez Perez's Petition is premature because he has not been detained for longer than six months. Their argument relies on the assumption that the Government may choose to begin the presumptively reasonable period of confinement at any time. That assumption is inconsistent with Zadvydas. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The presumptively reasonable period for the Government to detain Godinez Perez pending his removal ended in 2011. Zadvydas thus does not bar Godinez Perez from challenging the reasonableness and constitutionality of his current detention.

Accordingly, it is hereby

**ORDERED:**

Respondents Kristi Noem and Garrett Ripa's Motion to Dismiss (Doc. #11) is **DENIED**. Respondents shall respond to Godinez Perez's Petition within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __11th__ day of August 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record