```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

ISMAEL GODINEZ PEREZ,

    Petitioner,

  v.                                  Case No.: 2:25-cv-00429-JES-NPM

KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, and GARRETT RIPA, FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondents.

## OPINION AND ORDER

Before the Court are Petitioner Ismael Godinez Perez's Petition for a Writ of Habeas Corpus (Doc. #1) and Respondents Kristi Noem and Garrett Ripa's Response to Habeas Petition (Doc. #17).

### I. Background

This is an action for habeas corpus relief under 28 U.S.C. § 2241. Godinez Perez is a native and citizen of Mexico. He entered the United States without inspection in 1999 and applied for asylum in 2006. The following year, an immigration judge entered an order of removal against Godinez Perez and denied his request for withholding of removal. Godinez Perez appealed, and the Board of Immigration Appeals vacated the removal order and remanded to the immigration court. An immigration judge renewed the order for

removal but included a restriction that Godinez Perez could not be removed to Mexico. Neither side appealed the order, and it became final in 2010. ICE made no attempt to remove Godinez Perez for the next 15 years.

ICE arrested Godinez Perez on April 25, 2025, after a traffic stop.[1] Godinez Perez commenced this action on May 22, 2025, by filing a petition for habeas corpus relief. At the time, he was detained in the Glades County Jail. He is now in Krome North Service Processing Center. On June 1, 2025, ICE notified Godinez Perez it intended to remove him to Guatemala. But on June 5, the Guatemalan Consulate denied ICE's request. ICE claims it is investigating Godinez Perez's removal to another country.

Godinez Perez claims his continued detention violates his Fourth and Fifth Amendment rights. Respondents moved to dismiss the § 2244 Petition based on a lack of jurisdiction, and the Court denied the motion. ICE filed its Response to the Petition on August 25, 2025, and Godinez Perez did not file a reply.

## II. Legal Standard

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove that person within 90 days." Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The

---

[1] Respondents suggest the arrest occurred on April 27, 2025, but they concede the factual point because they believe it is irrelevant.

Government may detain the noncitizen during that 90-day removal period.  Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001).  The Court found it unlikely Congress "believed that all reasonably foreseeable removals could be accomplished in [90 days]."  Id. at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  Id.  Courts consider the constitutionality of continued detention under a burden-shifting framework:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

Id.

### III. Discussion

Much of Respondents' response expands on their prior argument that Godinez Perez's Petition is premature because he has not been detained for longer than six months.  The crux of the ripeness issue is when the six-month period of presumptively reasonable detention begins.  Godinez Perez claims it started when his order

of removal became final in 2010, while the government argues it started with the Petitioner's arrest on April 25, 2025.  There is plenty of dicta to support both positions, but no binding precedent squarely addresses the issue.

The Court addressed ripeness in its August 11, 2025 Opinion and Order denying the Motion to Dismiss.  The Court found the Respondents' position inconsistent with Zadvydas:

> As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

(Doc. #16 at 6).  The government raises several concerns about the Court's interpretation of Zadvydas, but they are not convincing. To start, the government correctly notes the Zadvydas Court did not create new due process rights.  Rather, it provided a framework to protect liberty interests fundamental to the Fifth Amendment's Due Process Clause.  Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

The Court's application of Zadvydas does not—as the government argues—start "an imaginary detention clock[,]" nor does it require the government "to justify a decade-and-a-half detention" in this case.  (Doc. #17 at 4).  It merely allows the

Court to consider whether Godinez Perez is at risk of indefinite detention. That is a reasonable concern when the government is unwilling or unable to deport a petitioner within six-months of a final removal order.

What is more, Zadvydas does not provide a get-out-of-jail-free card after the six-month period. A petitioner has the initial burden to "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052. If a petitioner meets that burden, the government has the opportunity for rebuttal.

Nor does a Zadvydas inquiry encroach on the Executive Branch's primacy in foreign policy matters. Zadvydas does not allow district courts to second guess the government's execution of a removal order. Even if an alien wins release after the 90-day removal period, he is subject to terms of supervision under 8 U.S.C. § 1231(3). The government can thus keep tabs on the alien while it explores options for removal and negotiates with foreign countries. And as a practical matter, evidence that the government is actively negotiating with a foreign country to facilitate an alien's removal would likely carry the government's burden under Zadvydas.

For these reasons, the Court reaffirms its finding that Godinez Perez's Zadvydas claim is ripe for consideration. As explained above, the initial burden is on Godinez Perez to show

good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Respondents argue Godinez Perez fails to allege facts to meet that burden, and the Court agrees.

Godinez Perez "contends that there is no reasonable foreseeable likelihood of effectuating the outstanding order of removal entered against him[.]" (Doc. #1 at 8). But that is not enough. A habeas petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future." Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that a petitioner is not entitled to habeas relief—or even an evidentiary hearing—"when his claims are merely conclusory allegations unsupported by specifics[.]" (internal quotation marks and citations omitted)).

The Court will give Godinez Perez leave to amend. An amended petition must state facts that, if proven, would demonstrate there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly, it is hereby

**ORDERED:**

Petitioner Ismael Godinez Perez's Petition for a Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice.** Godinez Perez may file an amended petition within **21 days** of this Opinion

and Order.  Otherwise, the Court will enter judgment and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this ___2nd___ day of October 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record