```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ISMAEL GODINEZ PEREZ,

     Petitioner,

  v.                                    Case No.: 2:25-cv-00429-JES-NPM

KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, and GARRETT RIPA, FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

     Respondents.

---

## OPINION AND ORDER

Before the Court is Petitioner Ismael Godinez Perez's Amended Petition for a Writ of Habeas Corpus (Doc. #22) and Respondents' Supplement to Response to Petition for Habeas Corpus (Doc. #23).

This is an action for habeas corpus relief under 28 U.S.C. § 2241. The Court summarized the facts in a prior Opinion and Order:

> Godinez Perez is a native and citizen of Mexico. He entered the United States without inspection in 1999 and applied for asylum in 2006. The following year, an immigration judge entered an order of removal against Godinez Perez and denied his request for withholding of removal. Godinez Perez appealed, and the Board of Immigration Appeals vacated the removal order and remanded to the immigration court. An immigration judge renewed the order for removal but included a restriction that Godinez Perez could not be removed to Mexico. Neither side appealed the order, and it became final in 2010. ICE made no attempt to remove Godinez Perez for the next 15 years.

> ICE arrested Godinez Perez on April 25, 2025, after a traffic stop. Godinez Perez commenced this action on May 22, 2025, by filing a petition for habeas corpus relief. At the time, he was detained in the Glades County Jail. He is now in Krome North Service Processing Center. On June 1, 2025, ICE notified Godinez Perez it intended to remove him to Guatemala. But on June 5, the Guatemalan Consulate denied ICE's request. ICE claims it is investigating Godinez Perez's removal to another country.

(Doc. #18 at 1-2).

Godinez Perez claims his continued post-removal detention violates his Fourth and Fifth Amendment rights. In <u>Zadvydas v. Davis</u>, the Supreme Court established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days—and a burden-shifting framework to judge the constitutionality of additional detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

533 U.S. 678, 701 (2001).

In its prior Opinion and Order, the Court rejected Respondents' argument that Godinez Perez's detention falls within the presumptively reasonable 180-day period but dismissed his original petition because it did not "demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future." (Doc. #18 at 6 (quoting <u>Fahim v. Ashcroft</u>, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002)).

In his Amended Petition, Godinez Perez alleges ICE has taken no action to remove him since June 5, 2025, when Guatemala declined to accept him. The Court finds ICE's lack of progress sufficient to carry Godinez Perez's initial burden to "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Akinwale</u>, 287 F.3d at 1052; <u>see also</u> <u>Zadvydas</u>, 533 U.S. at 701 ("And for detention to remain reasonable, as the period of postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.").

The burden shifts to Respondents, but they fail to offer any rebuttal evidence. In their Supplement, Respondents claim ICE "continues to evaluate the case and explore third-country removal options…but third-country removal has not been successful thus far. And there is currently no further information with which to update the Court." (Doc. 23# at 1).

Accordingly, the Court finds no significant likelihood Godinez Perez will be removed in the reasonably foreseeable future. He is thus entitled to be released from detention under <u>Zadvydas</u>. It is hereby

    **ORDERED:**

Petitioner Ismael Godinez Perez's Amended Petition for a Writ of Habeas Corpus (Doc. #22) is **GRANTED.**

1. The Respondents shall release Godinez Perez within 24 hours of this Opinion and Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this 4th day of December, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Counsel of Record